AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241



**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

# UNITED STATES DISTRICT COURT

Eastern for the Arkansas

AUG 1 0 2022

**TAMMY H DOWNS, CLERK**
By:_____
**DEP CLERK**

|  |  |
|---|---|
| Allen Scott Pillow<br>*Petitioner*<br><br>v.<br><br>D. Hudson Bureau of Prisons<br>*Respondent*<br>*(name of warden or authorized person having custody of petitioner)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 4:22-cv-713-JM-PSH
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Allen Scott Pillow
    (b) Other names you have used:  Scott Pillow
2.  Place of confinement:
    (a) Name of institution:  City of Faith Re-entry Center
    (b) Address:  1401 Garfield   Little Rock, AR   72204

    (c) Your identification number:  33051-009
3.  Are you currently being held on orders by:
    ☑ Federal authorities     ☐ State authorities     ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
        If you are currently serving a sentence, provide:
            (a) Name and location of court that sentenced you:

            (b) Docket number of criminal case:
            (c) Date of sentencing:  04-22-21
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:                 This case assigned to District Judge ~~Moody~~
                                         and to Magistrate Judge ~~Harris~~

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

1 of 8

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❑ Pretrial detention

❑ Immigration detention

❑ Detainer

❑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❑ Disciplinary proceedings

❑ Other *(explain):*

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:

(b)  Docket number, case number, or opinion number:

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

CALCULATIONS OF FIRST STEP ACT EARNED CREDIT

(d)  Date of the decision or action:

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❑ Yes                     ☒ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  If you answered "No," explain why you did not appeal:    SEE ATTACHED MEMO

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❑ Yes                     ❑ No

2 of 8

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court:

      (2) Date of filing:

      (3) Docket number, case number, or opinion number:

      (4) Result:

      (5) Date of result:

      (6) Issues raised:

   (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ❏ Yes      ❏ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court:

      (2) Date of filing:

      (3) Docket number, case number, or opinion number:

      (4) Result:

      (5) Date of result:

      (6) Issues raised:

   (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ❏ Yes      ☑ No

   If "Yes," answer the following:

   (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

      ❏ Yes      ❏ No

3 of 8

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1)  Name of court:
(2)  Case number:
(3)  Date of filing:
(4)  Result:
(5)  Date of result:
(6)  Issues raised:

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
        seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
        sentence?
        ☐ Yes                    ☑ No
        If "Yes," provide:
        (1)  Name of court:
        (2)  Case number:
        (3)  Date of filing:
        (4)  Result:
        (5)  Date of result:
        (6)  Issues raised:

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:          N/A

11.     **Appeals of immigration proceedings**
        Does this case concern immigration proceedings?
        ☐ Yes                    ☑ No
                If "Yes," provide:
        (a)     Date you were taken into immigration custody:
        (b)     Date of the removal or reinstatement order:
        (c)     Did you file an appeal with the Board of Immigration Appeals?
                ☐ Yes                    ☐ No

4 of 8

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1)  Date of filing:
(2)  Case number:
(3)  Result:
(4)  Date of result:
(5)  Issues raised:

(d)  Did you appeal the decision to the United States Court of Appeals?
☐ Yes                ☑ No
If "Yes," provide:
(1)  Name of court:
(2)  Date of filing:
(3)  Case number:
(4)  Result:
(5)  Date of result:
(6)  Issues raised:

12.  **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes                ☑ No
If "Yes," provide:
(a)  Kind of petition, motion, or application:
(b)  Name of the authority, agency, or court:

(c)  Date of filing:
(d)  Docket number, case number, or opinion number:
(e)  Result:
(f)  Date of result:
(g)  Issues raised:

5 of 8

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**    *SEE ATTACHED MEMO*

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes              ☐ No

**GROUND TWO**:

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes              ☐ No

**GROUND THREE**:

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes              ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes          ❏ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15.  State exactly what you want the court to do: *DIRECT THE BUREAU OF PRISONS TO CALCULATE MY EARNED CREDIT BASED ON THE FIRST STEP ACT.*

7 of 8

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_07-24-22_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _07-24-22_

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

8 of 8

TO:     U.S.DISTRICT COURT
        EASTERN DIVISION OF ARKANSAS

FROM:   ALLEN SCOTT PILLOW
        #33051-009

RE:     WRIT OF HABEAS CORPUS

DATE:   JULY 24, 2022

I was sentenced to 24 months in the Bureau of Prisons on April 22, 2021. I self-reported to USP Leavenworth on June 7, 2021.

I was released into the custody of the City of Faith Re-entry Center on June 1, 2022, where I remain as of August 8, 2022.

Prior to my release, I was awarded a partial calculation of 86 days of First Step Act (FSA) credit. That calculation was based on time served between June 7, 2021 and December 25, 2021.

Prior to my release, I inquired about the status of my remaining FSA credit and was told by both my Case Manager (B. Roderick) and the USP Leavenworth Camp Administrative Assistant (A Collins) that my remaining credit would be awarded to me upon my release to the re-entry center. As of August 8, 2022, that has not occurred.

The FSA was signed into Federal Law December of 2018. A law that was not enacted by the Bureau of Prisons until January of 2022.

On April 29, 2022 Susan Giddings, the Unit Management Section Chief for the Federal Bureau of Prisons submitted a sworn declaration stating that all inmates entitled to receive FSA credit had received a partial calculation from the time of their incarceration through December 25, 2021. Giddings also stated that an auto-calculation system is being developed and baring any problems, it would be in use in 90 days. That has not occurred as of August 8, 2022.

I am eligible to receive FSA Credit at a rate of 15 days per month. Having already received 86 days, I am requesting that the court direct the Bureau of Prisons to do a manual calculation of my remaining FSA credits.

The BOP will most likely counter that I have not exhausted my Administrative Remedy. My argument to that is two fold.

First, I was told by Leavenworth Staff that my remaining FSA Credit would be awarded upon my release from prison to the halfway house. Based on that I saw no need at that time to file any grievance.

Second, I am now housed at a halfway house and am not able to file through the grievance process.

I have also attached a copy of the Giddings declaration along with a recent ruling in the Federal Court of Alabama.

I am asking that the court either direct the Bureau of Prisons to do a manual calculation of my FSA credits. As it stands now my release date is November 22, 2022. Once my FSA credits are updated, my date will change, allowing me the early release I have earned.

I have also included a Sentence Monitoring Computation Sheet showing the projected release date of November 22, 2022. The calculation of credits from December 25, 2021 to present have not been calculated.


Sincerely,


Scott Pillow

```
LVNCU  540*23 *              SENTENCE MONITORING              03-23-2022
PAGE 001      *              COMPUTATION DATA                 09:27:33
                            AS OF 03-23-2022

REGNO..: 33051-009 NAME: DILLON, ALLEN SCOTT

FBI NO............: 895151EA7          DATE OF BIRTH: 08-23-1964  AGE:  57
ARS1..............: LVN/A-DES
UNIT..............: CMP A1             QUARTERS.....: P05-005U
DETAINERS.........: NO                 NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 09-11-2022

FINAL STATUTORY RELEASE FOR INMATE.: 02-16-2023 VIA GCT REL
     WITH APPLIED FSA CREDITS.:  86 DAYS
THE INMATE IS PROJECTED FOR RELEASE: 11-27-2022 VIA FSA REL

REMARKS........: 01-20-22: PRD ADJ DUE TO FSA FTC APPLIED. C/CJM

          RELEASE AUDIT COMPLETED ON 01-12-2022 BY DSCC
----------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION..........: ARKANSAS, EASTERN DISTRICT
DOCKET NUMBER..................: 4:19-CR-00612-001 LP
JUDGE..........................: RUDOFSKY
DATE SENTENCED/PROBATION IMPOSED: 04-22-2021
DATE COMMITTED.................: 06-07-2021
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:   $100.00        $00.00          $15,200.00  $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT: $00.00

REMARKS.......: 4:19-CR-00612-001 LPR




G0002      MORE PAGES TO FOLLOW . . .
```

9:30

6:30

# MEMORANDUM TO PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Stewart v. Snider Memorandum Opinion**

# Stewart v. Snider

United States District Court for the Northern District of Alabama, Eastern Division

June 6, 2022, Decided; June 6, 2022, Filed

Case No.: 1:22-cv-294-MHH-JHE

**Reporter**
2022 U.S. Dist. LEXIS 100482 *

ROBERT S. STEWART, JR., Petitioner, v. WARDEN SEAN SNIDER, Respondent.

**Counsel:** [*1] Robert S Stewart, Jr, Petitioner, Pro se, Anniston, AL.

For S Snider, Respondent: Mary Lester Marshall, United States Attorneys Office, Birmingham, AL.

**Judges:** MADELINE HUGHES HAIKALA, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MADELINE HUGHES HAIKALA

# Opinion

## MEMORANDUM OPINION

On May 10, 2022, the Magistrate Judge entered a Report and Recommendation. (Doc. 15). The Magistrate Judge recommended that the Court deny the Respondent's motion to dismiss, grant Mr. Stewart's petition for writ of habeas corpus, and order the Respondent to award Mr. Stewart all credit earned between the BOP's December 25, 2021 calculation and April 28, 2022. The Magistrate Judge also recommended that the Court direct the Respondent to reevaluate Mr. Stewart's earned credit time at regular intervals not to exceed every 60 days until the implementation of the automated system. (Doc. 15). The Magistrate Judge advised the parties of their right to file specific written objections to his report. (Doc. 15). The time to file written objections has passed, and the Court has not received objections.

The Court adopts the findings and analysis in the Report and Recommendation. Therefore, the Court denies the Respondent's motion to dismiss. (Doc. 11). The **[*2]** Court grants Mr. Stewart's petition for writ of habeas corpus. By separate order, the Court will direct the Respondent to award Mr. Stewart all credit earned between the BOP's December 25, 2021 calculation and April 28, 2022, and the Court will direct the Respondent to reevaluate Mr. Stewart's earned credit time at regular intervals not to exceed every 60 days until the implementation of the automated system.

**DONE** and **ORDERED** this June 6, 2022.

/s/ Madeline Hughes Haikala

**MADELINE HUGHES HAIKALA**

UNITED STATES DISTRICT JUDGE

## FINAL ORDER

Consistent with the memorandum opinion recently entered in this matter, the Court grants Mr. Stewart's petition for writ of habeas corpus. The Respondent shall award Petitioner Robert S. Stewart, Jr. all credit earned between the BOP's December 25, 2021 calculation and April 28, 2022, and the Respondent shall reevaluate Mr. Stewart's earned credit time at regular intervals not to exceed every 60 days until the implementation of the automated system.

Costs are taxed as paid.

**DONE** and **ORDERED** this June 6, 2022.

/s/ Madeline Hughes Haikala

**MADELINE HUGHES HAIKALA**

UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

Robert S. Stewart, Jr.,        :
Reg. No.            :

   Petitioner,      :  CASE NO.: 1:22-cv-00294-MHH-JHE

   v.          :

WARDEN, FCI TALLADEGA,   :

   Respondent.

## DECLARATION OF SUSAN GIDDINGS

I, SUSAN GIDDINGS, hereby declare and state the following:

1. I am an employee of the United States Department of Justice, Federal Bureau of

   Prisons ("BOP"). Specifically, I am Chief of the Unit Management Section of the

   Correctional Programs Branch ("CPB"), which is organized under the Correctional

   Programs Division ("CPD") in the BOP's Central Office located in Washington, D.C.

   I have worked for the BOP since February 1991 and have been the Unit Management

   Section Chief since December 2019.

2. As the Unit Management Section Chief, I am responsible for overseeing Correctional

   Systems and the BOP's national Victim and Witness Program. Additionally, I have

   been intimately involved in the development and implementation of the BOP's FSA

   procedures. As such, I work closely with the Office of Research and Evaluation

   ("ORE") and the Office of Information Technology ("OIT"). As part of my duties,

I also have access to BOP files maintained in the ordinary course of business related to inmates incarcerated within the BOP, including the SENTRY database.[1]

3. Petitioner, Robert S. Stewart Jr., federal register number 28576-509, is an inmate currently incarcerated on home confinement. Petitioner alleges that the BOP improperly calculated his First Step Act ("FSA") time credits.

4. Upon the request of BOP legal staff, I have reviewed the BOP's calculation of Petitioner's FSA time credits. For reasons that are not apparent to me, Petitioner's FSA time credits were in fact incorrectly calculated at the time he filed his petition. I have attached Attachment 1, a copy of the original FSA calculation indicating 61 days of FSA credit, and Attachment 2 that includes the updated FSA calculation indicating Petitioner is receiving 75 days of FSA credit. As reflected below in Attachment 2, Petitioner's FSA time credits are now properly calculated at 75 days. ORE reviewed Petitioner's records and manually calculated his FSA time credits. I personally reviewed ORE's calculation and conducted my own independent calculation. I concur with ORE's calculation of 75 days.

---

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

5. A true and correct copy of Petitioner's complete sentence computation data as it existed at the time that he filed the petition titled "SENTENCE MONITORING COMPUTATION DATA" is attached to this declaration as Attachment 1. This report was generated on April 12, 2022, and shows the following:

   a. On June 16, 2021, the United States District Court in the Eastern District of Virginia sentenced Petitioner to a sentence of 21 months of imprisonment and three years of supervised release in case numbers 1:21CR00005-001 for violating 18 U.S.C. 1001(A)(2), 1343, & 641 for false statements, wire fraud, and theft of government funds. Attachment 1, p. 2.

   b. On July 28, 2021, Petitioner voluntarily surrendered to the Federal Correctional Institution in Talladega, Alabama, ("FCI Talladega") to commence his federal sentence. Petitioner's full term release date is April 7, 2023. Attachment 1, p. 1, & 2.

   c. Petitioner's FSA eligibility status reflects "eligible," meaning he is eligible to apply earned time FSA credits towards his statutory release date. Attachment 1, p. 1.

-3-

    d. Petitioner's final statutory release date via good conduct time release reflects January 3, 2023. This date is what was formerly referred to as a good conduct time release date. It is calculated by subtracting any earned and projected good conduct time from his full-term release date. In this case, Petitioner's earned and projected good conduct time is 94 days, and his full-term release date is April 7, 2023. His statutory release date is January 3, 2023, because it is 94 days less than his full-term release date. This date does not include his FSA credits. Attachment 1, p. 1.

    e. The report generated on April 12, 2022, shows Petitioner's FSA credits reflects 61 days. Attachment 1, p. 1.

    f. Petitioner's projected release date via FSA reflects November 3, 2022, which is 61 days less than his statutory release date, January 3, 2023. However, as explained below the FSA credits were calculated incorrectly. Attachment 1 p. 1.

6. BOP recently did a recalculation of Petitioner's FSA credits. A true and correct copy of Petitioner's complete sentence computation data titled "SENTENCE MONITORING COMPUTATION DATA" is attached to this declaration as

-4-

Attachment 2. This report was generated on April 27, 2022 and shows the two
changes to Attachment 1, generated on April 12, 2022:

   a. Petitioner's FSA credits reflects 75 days.[2] Attachment 2, p. 1.

   b. Petitioner's projected FSA release date reflects October 20, 2022, which is 75
      days before his statutory release date via good conduct time release of January
      3, 2023. Attachment 2, p. 1.

7. On January 13, 2022, the Department of Justice announced that BOP had finalized
   the FSA time credit rule and transmitted it to the Federal Register for publication.
   The final rule was published on January 19, 2022. This final rule explains BOP
   procedures regarding implementation of the specific provisions, including those
   related to the earning and application of FSA time credits.

8. The BOP has already begun implementing the FSA final rule and will continue to do
   so on a rolling basis. BOP has already begun applying FSA time credits. As of
   January 31, 2022, thousands of inmates have already been released to community
   custody, with hundreds more expected to be released to community supervision

---

   [2] This reflects an additional 14 days of FSA credit from the initial calculation in
Attachment 1.

-5-

within 30 days. It is anticipated that in the months to come, thousands more will be eligible for release.

9. On January 12, 2022, the BOP established interim procedures to ensure timely implementation of the FSA final rule. Interim procedures were established to prioritize inmates eligible for immediate benefit in terms of release or pre-release community placement. These interim procedures will remain in effect during this initial period and will continue pending the completion of an auto-calculation application to BOP's real-time information system (known as SENTRY) and full integration between SENTRY and BOP's case management system (known as INSIGHT).

10. During the initial period and beyond, BOP's focus and attention is on ensuring the accurate calculation and application of FSA time credits.

11. For purposes of FSA time credit calculations, BOP is in the process of creating and implementing an application to fully automate calculations so that ORE will no longer have to manually calculate time credits for each inmate. BOP expects to "go live" with this application in the coming months.

-6-

12. In the meantime, the BOP decided to set certain cutoff dates for manual FSA time credit calculations to ease the burden on staff. Once an inmate's time credit is calculated, it will not be recalculated again until implementation of the automated computation system. In other words, until the automated system is implemented, Petitioner's calculation will remain at 75 days despite his eligibility to earn additional days each month.

13. Under the interim procedures, the BOP is calculating credit based on the total number of days in the inmate's designated facility, divided by 30 days (one-month average), and multiplied by 15 (the allowable credit for inmates with Low or Minimum risk levels which is applicable to Petitioner).

14. The BOP uses the date in which an inmate arrives at his/her initial designated facility or the FSA enactment date in December 2018, whichever is later, as the start date for calculation purposes. Batch data is available monthly and is extracted on the last Saturday of the last full week of the month. Beginning on December 25, 2021, monthly data sets of inmates, who are within 24 months of their statutory release data, were extracted and time credits were calculated.

-7-

15. Due to his impending statutory release date on January 3, 2023, the BOP grouped Petitioner in the initial batch of calculations with a cutoff date of December 25, 2021. The start date for Petitioner's FSA calculations is July 28, 2021, the date he arrived at his designated institution. He remained at his designated institution, and in good standing between July 28, 2021, and December 25, 2021. Thus, he had a total of 150 days of eligible time. Using the interim procedures, the FSA calculation was done as follows: 150 days, divided by 30 days, times 15 days = 75 days. Accordingly, Petitioner earned 75 days of FSA credit for the time he served between July 28, 2021, and December 25, 2021.

16. To date, ORE has not recalculated Petitioner's time credits to reflect credit for the past four months (January – April) despite his eligibility to earn time credits. Like many other similarly situated BOP inmates, Petitioner's FSA time calculations are governed by the interim guidance. At this time, the BOP does not intend to recalculate FSA time credits for inmates that have already been reviewed, until implementation of the automated system. As stated above, once the automated system is up and running Petitioner's FSA credits will be updated to include any

-8-

additional FSA credit that he is entitled to, that have not already been included in this initial calculation.

17. My understanding is that OIT is working diligently to implement the automated system. Although it is unclear when exactly the system will go live, my understanding is that OIT is in the final stages of software testing and could potentially go live within the next 90 days barring any unforeseen circumstances.

18. The BOP does not calculate time credits based on future projected days. Credit is earned as it accumulates. This is because an inmate does not earn time credit for days in custody if they refuse to participate in certain programs or are placed in the Special Housing Unit. It is entirely possible Petitioner may not earn time credits in the future.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of April, 2022.

SUSAN GIDDINGS
Unit Management Section, Chief
Correctional Programs Branch
Federal Bureau of Prisons

-9-

Pillow
1401 Garfield
Little Rock, AR
          72204



United States District Court Clerk
Eastern Division Of Arkansas
500 West Capitol Avenue
Little Rock, Arkansas
          72201